UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of the Search of
Subject Devices Currently in CBP
Detroit Custody,

           Defendant.
_____/

Case No.: 21-mc-51004-1

### GOVERNMENT'S MOTION AND PROPOSED ORDER
### FOR DELAYED NOTIFICATION OF SEARCH WARRANT

On July 23, 2021, this Court authorized the search of eight electronic devices seized at the Detroit International Airport belonging to Walker Orson Smith based on an investigation into false statements to a federal officer, in violation of 18 U.S.C. § 1001. As described in the search warrant affidavit, Smith is a professor of oceanography and marine science. He worked at various universities in the United States before becoming a professor at Shanghai Jiao Tong University (SJTU), a major research university in China directly under the administration of the Chinese Ministry of Education. SJTU has links to China's People's Liberation Army. At SJTU, Smith said he is the head of the School of Oceanography.

Smith, by his own admission, participated in China's Thousand Talent Program, receiving almost $1 million in compensation. The Thousand Talent Program was designed by the Chinese government to facilitate the transfer of U.S.

1

research and information to China. China's government sponsors and funds the talent recruitment plans (such as the Thousand Talent Plan) to encourage foreign talent to share expertise, transfer knowledge, or collaborate on strategic projects to help China bridge its technology gap with Western countries. The Thousand Talent Program is widely associated with misconduct, property theft, and espionage. Moreover, it forms a core part of the Chinese Communist Party's efforts to build its own power by leveraging foreign technology and expertise.

As a result of Smith's participation in the Thousand Talent Program, he is the subject of a federal investigation regarding theft of trade secrets, false statements, and wire fraud. On May 31, 2021, Smith returned to the United States from China at the Detroit International Airport. During a secondary inspection at the airport, Smith claimed that the electronic devices seized did not belong to the SJTU (despite the fact that some had SJTU identifiers on them), that he could not remember the passwords to the devices, and that the Thousand Talent Program has been cancelled. There is probable cause to believe that these statements are false. As a result, this Court authorized a search warrant of the electronic devices to further investigate these false statements.

The government now seeks an order authorizing the delayed notification to Smith of this search warrant. Federal Rule of Criminal Procedure 41(f)(3) permits a magistrate judge, upon the government's request, to "delay any notice required by

this rule if the delay is authorized by statute." Title 18, United States Code, Section 3103a authorizes such delays. Section 3103a(b)(1) provides that "any notice required, or that may be required . . . may be delayed if . . . the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result (as defined in section 2705, except if the adverse results consist only of unduly delaying a trial)." Title 18, United States Code, Section 2705(a)(2) defines an "adverse result" to include: "flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or otherwise seriously jeopardizing an investigation or unduly delaying a trial." If delayed notice is permitted, Section 3103a(b)(3) requires that the order or warrant "provides for giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay." Section 3103a(c) further allows that the delayed notice authorized by the warrant "may be extended by the court for good cause shown, subject to the condition that extensions should only be granted upon an updated showing of the need for further delay and that each additional delay should be limited to periods of 90 days or less, unless the facts of the case justify a longer period of delay."

Against this legal backdrop, the United States seeks delayed notification to Smith of the execution of this search warrant for 90 days. Two reasons justify

delayed notification here. First, notifying Smith of the search warrant will alert him that he is under investigation by the FBI, which could result in destruction of evidence related to his activities in China and an attempt to hide his compensation from the Chinese government. Second, Smith knows, and is close with, several other Thousand Talent Program participants, several of whom are also subjects of FBI investigations for similar crimes. Alerting Smith could result in Smith alerting his associates, which could jeopardize additional FBI investigations. Specifically, should Smith alert others in the Thousand Talent Program, it could allow those individuals to flee from United States, destroy evidence, or otherwise thwart investigations. These justifications—potential flight from prosecution and destruction of evidence—are among the authorized justifications found in Section 2705(a)(2).

As to the timing of the delay, the number of electronic devices here—eight—and the potential that the information on the devices is nuanced and complicated justify a delay of longer than 30 days. A period of 90 days should allow the FBI to forensically image and review the data on the various electronic devices. Moreover, in light of Smith's lengthy time (3 years) in China, some of the material on the devices may not be English, which would further delay the FBI's ability to fully review the subject devices. For these reasons, the government seeks a delay of 90 days.

## CONCLUSION

The government moves for authorization to delay notification to Smith of the execution of this search warrant for 90 days from the date of execution of the warrant.

                                         Respectfully submitted,
                                         SAIMA S. MOHSIN
                                         ACTING U.S. ATTORNEY

                                         <u>s/Kevin M. Mulcahy</u>
                                         Kevin M. Mulcahy
                                         Assistant United States Attorney
                                         kevin.mulcahy@usdoj.gov
                                         211 W. Fort St., Suite 2001
                                         Detroit, Michigan 48226
                                         313-226-9713

Date:  August 11, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of the Search of　　　　　　　Case No.: 21-mc-51004-1
Subject Devices Currently in CBP
Detroit Custody,

　　　　　Defendant.
_____/

## ORDER FOR DELAYED NOTIFICATION

On July 23, 2021, this Court authorized the search of eight electronic devices seized at the Detroit International Airport belonging to Walker Orson Smith based on an investigation into false statements to a federal officer, in violation of 18 U.S.C. § 1001. For the reasons set forth in the government's motion for delayed notification, specifically the potential for destruction of evidence and flight from prosecution, which are adverse results as defined in 18 U.S.C. Section 2705(a)(2), reasonable cause exists for a delay of notification as permitted by 18 U.S.C. Section 3103a(b).

**IT IS HEREBY ORDERED** that notification to Smith of the authorization of this search warrant shall be delayed by 90 days from the date of the execution of the warrant.


Dated: August 11, 2021　　　　s/Kimberly G. Altman
　　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE